```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ALLEN FEINGOLD                    :     CIVIL ACTION
                                  :
           v.                     :
                                  :
NICHOLAS CUMMINS, et al.          :     NO. 09-2161
```

MEMORANDUM

McLaughlin, J.                                    July 16, 2009

Allen Feingold filed a civil complaint on May 18, 2009. At the center of this complaint is a separate case, <u>Alston v. Walker</u>, No. 06-cv-5203, which remains pending before this Court. Compl., ¶ 77. Feingold's wife, Dora Garcia, was originally counsel for the plaintiff in <u>Alston</u>, but ceased to represent that plaintiff when she was suspended by the Disciplinary Board of the Supreme Court of Pennsylvania. The complaint in this case alleges that numerous actors involved in the <u>Alston</u> lawsuit conspired to deprive Mr. Alston of adequate discovery and otherwise abused the litigation process to Feingold's personal detriment.

Each of the defendants named in the complaint is related in some manner to the <u>Alston</u> defense. Defendant Terrence Walker was the defendant in <u>Alston</u>. Defendant Bennett, Bricklin & Saltzburg, LLP, was the law firm that defended Mr. Walker; defendants Nicholas Cummins and Warren Sperling are attorneys at

that firm.  Defendants David Pashman and Andrew Shaer were retained by the defendant in <u>Alston</u> to provide expert medical opinions regarding Mr. Alston's injuries.  Pashman is an employee of defendant Orthopedic Associates, P.C.; Shaer is an owner of defendant Shaer-Padilla Medical Imagining Consultants, LLC.  Defendant State Farm Mutual Automobile Insurance Company allegedly provided counsel for the defense of Mr. Walker.

The complaint includes five numbered, but untitled, counts.  The complaint alleges a form of civil conspiracy to commit certain intentional torts.  Count one appears to be a claim for defamation or "false light."  Count three (the complaint contains no "count two") appears to be a statement of damages.  Count four is a claim of "abuse and misuse of the judicial process."  Count six (the complaint contains no "count five") appears to be a claim of intentional infliction of emotional distress.  Finally, count seven claims a violation of 42 U.S.C. § 1983 and 42 U.S.C. § 1985; the count does not specify the federal law on which this claim is based, but it appears to be premised on a violation of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

The defendants have moved to dismiss the complaint on the basis of <u>res judicata</u>, estoppel, lack of standing, <u>lis pendens</u>, and failure to state claims on which relief can be granted.  The final count of the complaint is the sole basis for

federal subject matter jurisdiction.  Because the plaintiff provides no facts to suggest that any defendant was acting under the color of law, the Court shall dismiss the plaintiff's claims to the extent they arise under 42 U.S.C. § 1983 and § 1985. Without the federal claim in the case, the Court does not possess subject matter jurisdiction over the balance of the plaintiff's claims and will therefore dismiss the suit in its entirety.

I.   Allegations of the Complaint

Feingold has connections to three separate lawsuits involving the current defendants.  The first was Alston v. Walker, which was a personal injury case filed in state court and removed to this Court.  Alston v. Walker, No. 06-cv-5203. Feingold did not personally act as the attorney for Mr. Alston in that suit, although his wife, who worked for the firm of Feingold, Feingold and Garcia, did act as Mr. Alston's attorney until her suspension.  Alston remains pending before this Court; neither Feingold nor Garcia are currently acting as counsel for Mr. Alston.  The second suit involved Feingold and Mr. Alston as plaintiffs in state court alleging essentially the same facts as are presented in this case.  Feingold v. Cummins, No. 081204752 (Phila. Ct. Com. Pl., 2008).  The third case is the present matter.  Feingold is the sole plaintiff in this suit.

3

Difficulties in performing discovery in Alston are at the center of this case, as they were in the prior state court action involving Feingold as a plaintiff.  In fact, much of the complaint in this case appears to be a photocopy of that earlier complaint.  Feingold has inserted "Alston" by hand in place of "the plaintiff" throughout the first half of his complaint in an effort to adapt the pleadings to the circumstances of this case.

Ronald Alston and Terrence Walker collided in their cars while driving in Philadelphia.  Mr. Alston sued Mr. Walker in state court and the defendant removed to federal court on diversity grounds.  Feingold alleges that throughout discovery in the Alston matter, the defendant, his attorneys, his expert witnesses and his insurance company withheld evidence that would have supported Mr. Alston's case.  Id., ¶¶ 3-14, 17-26, 36-42.  The complaint alleges that the defendants asserted improper privileges and made unsubstantiated objections to discovery requests in the Alston matter.  Id., ¶¶ 23-26.  Feingold alleges that the defendants' discovery requests in the Alston matter were designed to harass Feingold and his wife's client Mr. Alston.  Id., ¶¶ 27-28.  Feingold alleges that defense counsel in the Alston action improperly delayed the production of an expert report and that Mr. Walker's medical experts were involved in those delays in an unspecified capacity.  Id., ¶¶ 30-33.

The complaint includes the following allegations concerning state and federal actors. The complaint states that this Court, upon review of the deposition of Terrence Walker, should have granted summary judgment in favor of Mr. Alston. Id., ¶ 16. The complaint states that "over the years, plaintiff, Allen Feingold upset various attorneys and judges, as well as attorneys who later became judges, and suffered great loss and injury to himself and his clients and prior clients like the plaintiff, Alston [sic]." Id., ¶ 77. The complaint then states that:

> These attorneys and/or judges stated and did numerous improper, wrong, false, unethical, illegal, fraudulent, untrue, wanton, willful, and reckless, statements and acts, but because Allen Feingold, his client or an attorney working with one of his clients, was involved, these attorneys and judges allowed same to occur, causing great loss and injury to plaintiff, Allen Feingold.

Id., ¶ 78.[1]

Finally, under count seven of his complaint, Feingold states that:

---

[1] The complaint is unclear as to whether or not this allegation refers to Feingold's personal representation of both himself and Mr. Alston in the state court matter alleging the same abuses of process as in this case. The complaint states alternatively that unnamed individuals were prejudiced against Mr. Feingold and his clients and "an attorney working with one of his clients." Presumably this refers to Ms. Garcia, who represented Mr. Alston for a time in Alston v. Walker. The issue is moot given the Court's decision to dismiss this case for lack of subject matter jurisdiction.

> From the time that plaintiff commenced his somewhat
> related action against the present defendants in the
> Philadelphia Court of Common Pleas, and for a long time
> prior thereto, defendants were aware that plaintiff
> Allen Feingold and his former clients could not receive
> a fair and impartial adjudication of his former
> clients' claims before certain members of the judiciary
> of the Philadelphia County Court of Common Pleas.
> Defendants, in fact, by way of misrepresentation and
> omission, helped to foster the inability of plaintiff
> Feingold and his former clients to receive a fair and
> impartial adjudication of their claims.
>
> Acting under color of state law, defendants did all in
> their power to exploit the fact that plaintiff's state
> law claims relating to plaintiff Alston and defendants
> were assigned to personnel and judges with a known
> hostility to plaintiff Feingold and his former clients,
> which personnel and judges would not afford plaintiff a
> full and fair adjudication of his claims against the
> defendants due to their fixed bias and hostility
> against plaintiff and his former clients.

Id., ¶ 108-09.


II.  Analysis

The United States Court of Appeals for the Third Circuit has summarized the holding of Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955 (2007), which states the applicable pleading standard in the face of a motion to dismiss:

> The Supreme Court's Twombly formulation of the pleading
> standard can be summed up thus: "stating ... a claim
> requires a complaint with enough factual matter (taken
> as true) to suggest" the required element.  This "does
> not impose a probability requirement at the pleading
> stage," but instead "simply calls for enough facts to
> raise a reasonable expectation that discovery will
> reveal evidence of" the necessary element.

6

Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (citing Twombly, 127 S.Ct. at 1965).

In this case, the Court must answer the question of whether the plaintiff has provided enough factual matter to suggest the required elements of a § 1983 or § 1985 claim. Specifically, the Court must determine whether the plaintiff has alleged factual matter that would suggest the required element of state action or action under the color of law. This question is dispositive of the case because, without sufficient facts to support his claim of state action, the complaint will present no federal question. In the absence of this federal question, the complaint fails otherwise to provide a basis for this Court to exercise subject matter jurisdiction over the remaining claims.

The plaintiff claims that the defendants have violated § 1983 and § 1985 by engaging in a civil conspiracy with state actors to deprive the plaintiff of his rights under federal law. Opp'n at 10. Feingold argues that "for a non-state party to be deemed 'acting under color of state law,' he or she must be a 'willful participant in joint activity with the State or its agent.'" Id. at 10 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)).

The factual allegations concerning acts by any state actors are limited to a few conclusory paragraphs of the complaint. First, Feingold asserts that certain, unnamed "judges

7

stated and did numerous improper, wrong, false, unethical, illegal, fraudulent, untrue, wanton, willful, and reckless, statements and acts." Compl., ¶ 78. Those statements and acts are not described.

Second, the complaint alleges that defendants were "aware that plaintiff Allen Feingold and his former clients could not receive a fair and impartial adjudication of his former clients' claims before certain members of the judiciary of the Philadelphia County Court of Common Pleas." Id., ¶ 108. The defendants allegedly "helped to foster the inability of plaintiff Feingold and his former clients to receive a fair and impartial adjudication of their claims." Id. The defendants allegedly "exploit[ed] the fact that plaintiff's state law claims relating to plaintiff Alston and defendants were assigned to personnel and judges with a known hostility to plaintiff Feingold and his former clients." Id., ¶ 109.

These allegations fail to provide a sufficient factual basis on which to sustain a claim of state action. The allegations do not allege any illegal agreement or concerted action between the defendants and any state actor so as to sustain a theory of civil conspiracy. Instead, the allegations state that the defendants exploited the fact that unnamed judges were hostile to Feingold.

8

Even assuming that the allegations could be read to imply some concerted action between the defendants and state actors, the complaint is entirely devoid of factual allegations as to the nature of such concerted action.  No state actors are named in the complaint.  Moreover, although the complaint describes the allegedly illegal actions performed by the defendants, these actions are in no way related to the judges of the Philadelphia Court of Common Pleas since that Court did not preside over the Alston matter after its removal to federal court.  Nor do the allegations relating to discovery in Alston connect in any way to Feingold's personal suit filed in state court, which appears nowhere in the complaint.  Therefore, the relevant allegations of conspiracy pertain only to the non-state actor defendants and present no connection to the unnamed judges of the complaint.

III. Conclusion

The complaint is devoid of facts that would support the plaintiff's count arising under 42 U.S.C. § 1983 and § 1985.  For that reason, the Court will grant the defendants' motions to dismiss that count.  In the absence of any other basis for a federal claim, the Court must dismiss the entire case for lack of jurisdiction.

An appropriate order will follow separately.